IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN-TYRONE MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-34 (RDA/WBP) |
| ) | |
| MICHAEL SANTOMASSIMO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants Michael Santomassimo and Wells Fargo & Co.'s Motion to Dismiss (Dkt. 43), Plaintiff Ryan-Tyrone Morris' Motion for Declaratory Judgment (Dkt. 50), and Plaintiff's Motion to Nonsuit (Dkt. 53). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. This Court dismisses the case for the reasons that follow.

### I. FACTUAL BACKGROUND[1]

Plaintiff Ryan-Tyrone Morris alleges that, on or around May 18, 2012, Defendant Wells Fargo & Co. and Plaintiff entered into an alleged agreement where Defendant alleged that they had become the servicer for his loan. Dkt. 41 at 1. On August 30, 2023, Plaintiff sought proof of performance to the alleged contract from Defendant. *Id.* Plaintiff's theory is that there was no consideration for the mortgage note issued to secure the real property. *Id.* at 1-5. For that reason,

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Amended Complaint (Dkt. 41) as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Plaintiff withheld submitting [payment] for the alleged obligation," and as a result, on December 6, 2023, Defendant notified Plaintiff of the "missed mortgage payments and the potential to foreclose on the home." *Id.* at 2. Plaintiff then resumed submitting tender for his mortgage under "threat, duress, and coercion". *Id.* at 2.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint on November 27, 2023, in the Stafford Circuit Court in the 15th Judicial District of Virginia. Dkt. 1-1 at 6. Defendant Wells Fargo then removed the case to federal court on January 8, 2024. On January 16, 2024, Defendant Michael Santomassimo filed the first Motion to Dismiss. Dkt. 3. In response, Plaintiff filed a Request for Entry of Default, a Motion to Quash, an Amended Motion to Quash, a Demand for Documents, a Motion for Evidentiary Hearing, and a Motion to Show Cause. Dkts. 7; 8; 10; 15; 16; 17. Defendant then filed a response in opposition to Plaintiff's request for entry of default. Dkt. 13. On February 6, 2025, Magistrate Judge Lindsey R. Vaala denied Plaintiff's Request for entry of Default and Plaintiff's Motion to Show Cause. Dkt. 19.

On February 22, 2024, Plaintiff filed an Amended Complaint. Dkt. 21. Accordingly, the Court denied the then-pending motions as moot based on Plaintiff's amendment. Dkt. 24. One week later, Defendant filed a motion to dismiss, which Plaintiff opposed, and Plaintiff filed a motion for summary judgment, which Defendants opposed. Dkts. 25; 26; 28; 29; 31; 32; 33; 34; 35.

On March 11, 2024, the case was reassigned to Magistrate Judge William B. Porter.

On March 29, 2024, Plaintiff filed a motion to compel which was denied by the Court on April 3, 2024. Dkts. 38; 40. Plaintiff then filed a second amended complaint. Dkt. 41.

Accordingly, the Court again denied the then-pending motions as moot based on Plaintiff's amendment. Dkt. 42.

Shortly thereafter, Defendant again filed a motion to dismiss Plaintiff's newest complaint, which Plaintiff opposed, and Defendant replied. Dkts. 43; 46; 48; 49. Plaintiff then filed a Motion for a Declaratory Judgment. Dkt. 50. Defendant filed an Opposition to that motion. Dkt. 52.

Finally, Plaintiff filed a notice purporting to dismissing this action without prejudice on November 7, 2024. Dkt. 53.

### III. LEGAL STANDARD

A plaintiff may move to dismiss an action pursuant to Rule 41(a)(1)(A)(i), where a party has not filed an answer or moved for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Federal Courts have discretion under Rule 41(a)(2) of the Federal Rules of Civil Procedure to allow voluntary dismissal, unless a party will be unfairly prejudiced. *See* Fed. R. Civ. P. 41(a)(2); *see Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "[A] district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant . . . A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion . . . . or that it faces the prospect of a subsequent lawsuit[.]" *Bridge Oil, Ltd., v. Green Pacific A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (internal citations omitted); *see also Ellet Bros. Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). In evaluating prejudice in this type of motion, the following factors are relevant, though not exclusive: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation. *See Gross v. Spies*, 1998 WL 8006, 133 F.3d 914 (Table)

(4th Cir. 1988); *see also Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989, 991 (E.D. Va. 1998).

## IV.   ANALYSIS

Because Plaintiff's Nonsuit is potentially dispositive, the Court addresses that issue first. Plaintiff asserts: "Pursuant to Va. Code § 8.01-380, Plaintiff Ryan-Tryone: [sic] Morris, hereby nonsuits this action without prejudice." Dkt. 53. Although Plaintiff cites to provision of the Virginia Code, the Court construes his "nonsuit" as seeking voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Debord v. Grasham*, 2014 WL 3734320, at *2 (W.D. Va. July 28, 2014) (construing a motion to nonsuit as a motion for voluntary dismissal under Rule 41); *cf. Dodson v. DHI Mortg. Co., Ltd.*, 2007 WL 4268903, at *2 (E.D. Va. Nov. 30, 2007) (construing a motion to dismiss as a "Motion to Nonsuit under Federal Rule of Civil Procedure 41").

Here, although the parties have engaged in extensive briefing of a myriad of issues (raised mostly by Plaintiff), Defendant has neither filed an answer nor filed for summary judgment. Because no discovery has been taken and no trial date has been set, "it seems that the bulk of efforts and expenses associated with trial preparation have not truly begun in earnest." *Patel v. Jackson Nat'l Life Ins. Co.*, 2016 WL 9211718, at *1 (E.D. Va. June 23, 2016). Thus, it is appropriate for the Court to grant the request to voluntarily dismiss this matter without prejudice.

Accordingly, it is hereby ORDERED that Plaintiff's motion to nonsuit (Dkt. 53) is GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Dkt. 43) and Plaintiff's Motion for Declaratory Judgment (Dkt. 50) are DENIED as MOOT; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

IT IS SO ORDERED.

Alexandria, Virginia
November 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

5